The opinion of the Court was delivered by
O’Neall, C. J.
The verdict of guilty cannot stand. For it seems that one of the defendants claimed one of the hogs, and marked it; tbe other two were claimed by another of the defendants and marked by him; but there was no joint act proved, nor any concurrence in the separate acts. Of course a joint conviction cannot be supported.
To justify a sentence in such a case, the verdict must ascertain the number of hogs marked. For until that is done the fine for each hog marked cannot be imposed. The case cited in the brief, 2 Rice’s Dig. 51, McKay & Wilson ads. The State, MSS. Decisions, Dec. 1813, was a motion in arrest of judgment on a libel: it has no application to this case.
So far I have assumed, that the offence of unlawfully marking a hog is indictable under the Act of 1789, 5 Stat. 139, sect. 5, which is in the following words: “ If any person or persons, shall be lawfully convicted of wilfully and knowingly marking, branding, or disfiguring any sheep, goat, or hog, of or belonging to any other person, the said offender or offenders shall for each and every sheep, goat, or hog, of which he, she, or they shall or may be convicted of branding or disfiguring as aforesaid, shall be subject to the penalty of five pounds.” Upon this Judge Nott expressed the doubt, in the State vs. Roberts, 1 Con. Rep., by Tread., 116, whether *674 a person can be punished in any way for marking a hog. The offence for marking is declared in the beginning of the section, but marking is dropped when the punishment is declared. The offender, in the opinion of the Judge, ought to be indicted for disfiguring or branding. But I think the uniform practice of the courts has recognized the unlawful marking of a hog as an offence. The indictment charges that the unlawful marking of six hogs, is an offence. The appeal does not question the indictment in this respect. But it was necessary to find how many hogs were unlawfully marked ; unless that be done, the sentence of five pounds for each hog marked cannot be passed. The State vs. Owen Bunton, was a case of cow stealing. Two cows were charged; there was proof of one — a general verdict, guilty, was held to be wrong. The verdict ought to conform to the proof.
The motion for a new trial is granted.
Johnstone and Wardlaw, JJ., concurred.

Motion granted.